# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF VIRGINIA
# Lynchburg (Charlottesville) Division

## CHAPTER 13 PLAN
## AND RELATED MOTIONS

Name of Debtor(s):   Jeremiah S. Putnam        Case No.: 14-61363
                     Ashley M. Putnam

This Plan, dated <u>September 10, 2014</u> is:

☐ the *first* Chapter 13 Plan filed in this case.

☒ a modified Plan that replaces the

   ☐ confirmed or ■ unconfirmed Plan dated <u>July 28, 2014</u>

**Date and Time of <u>Modified Plan</u> Confirmation Hearing:**
_____

**Place of <u>Modified Plan</u> Confirmation Hearing:**
U.S. Courthouse, 255 W. Main St., Ctrm. 200, Charlottesville, VA 22902

**The Plan provisions modified by this filing are:**
Sec. 1 (modify Plan funding); Secs. 3B, 3C & 3D (Surrender collateral); Secs. 3C & 3D & 5A (modify amounts per POC 3 & Fund pmt. of claim through plan rather than direct by Debtors)

**Creditors affected by this modification are:**
New City Funding Corp.; Rankins Hardware; Pinnacle Financial Group

**NOTICE: YOUR RIGHTS WILL BE AFFECTED.** You should read these papers carefully. If you oppose any provision of this Plan, or if you oppose any included motions to (i) value collateral, (ii) avoid liens, or (iii) assume or reject unexpired leases or executory contracts, you MUST file a timely written objection.

This Plan may be confirmed and become binding, <u>and the included motions in paragraphs 3, 6, and 7 to value collateral, avoid liens, and assume or reject unexpired leases or executory contracts may be granted,</u> without further notice or hearing unless a written objection is filed not later than seven (7) days prior to the date set for the confirmation hearing and the objection party appears at the confirmation hearing.

The debtor(s)' schedules list assets and liabilities as follows:

> Total Assets: $40,689.00
> Total Non-Priority Unsecured Debt: $76,435.44 (per schedule, claims & Sec. 3B)
> Total Priority Debt: $0.00
> Total Secured Debt: $23,243.90 (per schedule, claims & Sec. 3B)

1. **Funding of Plan.** The debtor(s) propose to pay the Trustee the sum of $565.00 per month for 60 months, starting August, 2014. Other payments to the Trustee are as follows:_____.
The total amount to be paid into the Plan is $33,900.00.

2. **Priority Creditors.** The Trustee shall pay allowed priority claims in full unless the creditor agrees otherwise.

   **A. Administrative Claims under 11 U.S.C. § 1326.**

   1. The Trustee will be paid the percentage fee fixed under 28 U.S.C. § 586(e), not to exceed 10%, of all sums disbursed except for funds returned to the debtor(s).
   2. Debtor(s)' attorney will be paid $2,755.00 balance due of the total fee of $2,900.00 concurrently with or prior to the payments to remaining creditors.
      a. The $2,755.00 in Debtors' attorney's fees to be paid by the Chapter 13 Trustee are broken down as follows:
         i. $2,755.00: Fees to be approved, or already approved, by the Court at initial plan confirmation;
         ii. $0.00: Additional pre-confirmation or post-confirmation fees already approved by the Court by separate order or in a previously confirmed modified plan [ECF #N/A: $0.00; ECF #N/A : $0.00];
         iii. $0.00: Additional post-confirmation fees being sought in this modified plan, which fees will be approved when this plan is confirmed.

   **B. Claims under 11 U.S.C. § 507.**

   The following priority creditors will be paid by deferred cash payments pro rata with other priority creditors or in monthly installments as below, except that allowed claims pursuant to 11 U.S.C. § 507(a)(1) will be paid prior to other priority creditors but concurrently with administrative claims above:

   | Creditor | Type of Priority | Estimated Claim | Payment and Term |
   |---|---|---|---|
   | -NONE- | | | |

3. **Secured Creditors: Motions to Value Collateral ("Cramdown"), Collateral being Surrendered, Adequate Protection Payments, and Payment of certain Secured Claims.**

   **A. Motions to Value Collateral (other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) or by the final paragraph of 11 U.S.C. § 1325(a). Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion to value collateral as set forth herein.**

   This section deals with valuation of certain claims secured by real and/or personal property, other than claims protected from "cramdown" by 11 U.S.C. § 1322(b)(2) [real estate which is debtor(s)' principal residence] or by the final paragraph of 11 U.S.C. § 1325(a) [motor vehicles purchased within 910 days or any other thing of value purchased within 1 year before filing bankruptcy], in which the replacement value is asserted to be less than the amount owing on the debt. **Such debts will be**

treated as secured claims only to the extent of the replacement value of the collateral. That value will be paid with interest as provided in sub-section D of this section. You must refer to section 3(D) below to determine the interest rate, monthly payment and estimated term of repayment of any "crammed down" loan. The deficiency balance owed on such a loan will be treated as an unsecured claim to be paid only to the extent provided in section 4 of the Plan. The following secured claims are to be "crammed down" to the following values:

| Creditor | Collateral | Purchase Date | Est. Debt Bal. | Replacement Value |
|---|---|---|---|---|
| -NONE- | | | | |

### B. Real or Personal Property to be Surrendered.

Upon confirmation of the Plan, or before, the debtor(s) will surrender his/her/their interest in the collateral securing the claims of the following creditors in satisfaction of the secured portion of such creditors' allowed claims. To the extent that the collateral does not satisfy the claim, any timely filed deficiency claim to which the creditor is entitled may be paid as a non-priority unsecured claim. Confirmation of the Plan shall terminate the automatic stay as to the interest of the debtor(s) and the estate in the collateral.

| Creditor | Collateral Description | Estimated Value | Estimated Total Claim |
|---|---|---|---|
| New City Funding Corp. | 2002 Chev. Trailblazer | $5,900.00 | $6,217.72 |

### C. Adequate Protection Payments.

The debtor(s) propose to make adequate protection payments required by 11 U.S.C. § 1326(a) or otherwise upon claims secured by personal property, until the commencement of payments provided for in section 3(D) and/or 6(B) of the Plan, as follows:

| Creditor | Collateral | Adeq. Protection Monthly Payment & Est. Term | To Be Paid By |
|---|---|---|---|
| Pinnacle Financial Group | 2012 Mits. Lancer | $250.40 / 6 mos. | Trustee |
| Rankins Hardware (POC 3) | Snow Blower | $26.35 / 6 mos. | Trustee |
| Stay at Home Storage | Storage Shed | $33.55 / 6 mos. | Trustee |
| Stay at Home Storage | Storage Shed | $101.69 / 6 mos. | Trustee |

### D. Payment of Secured Claims on Property Being Retained (except only those loans provided for in section 5 of the Plan):

This section deals with payment of debts secured by real and/or personal property [including short term obligations, judgments, tax liens and other secured debts]. After confirmation of the Plan, the Trustee will pay to the holder of each allowed secured claim, which will be either the balance owed on the indebtedness or, where applicable, the collateral's replacement value as specified in sub-section A of this section, **whichever is less,** with interest at the rate provided below, the monthly payment specified below until the amount of the secured claim has been paid in full. **Upon confirmation of the Plan, the valuation and interest rate shown below will be binding unless a timely written objection to confirmation is filed with and sustained by the Court.**

| Creditor | Collateral | Approx. Bal. of Debt or "Crammed Down" Value | Interest Rate | Monthly Payment & Est. Term |
|---|---|---|---|---|
| Fast Auto Loans, Inc. | 2003 Chev. Trailblazer | $1,900.00 | 4.25% | $38.72 / 54 mos. |
| Pinnacle Financial Group | 2012 Mits. Lancer | $12,285.57* | 4.25% | $250.40 / 54 mos. |
| Rankins Hardware (POC 3) | Snow Blower | $97.83* | 4.25% | $33.55 / 06 mos. |
| Stay at Home Storage | Storage Shed | $201.30* | 4.25% | $33.55 / 06 mos. |
| Stay at Home Storage | Storage Shed | $4,989.86* | 4.25% | $101.69 / 54 mos. |

*Value is based on approximate balance of debt less adequate protection payments (not "crammed down").

**E. Other Debts.**

Debts which are (i) mortgage loans secured by real estate which is the debtor(s)' primary residence or (ii) other long term obligations, whether secured or unsecured, to be continued upon the existing contract terms with any existing default in payments to be cured pursuant to 11 U.S.C. § 1322(b)(5), are provided for in section 5 of the Plan.

4. **Unsecured Claims**

    A. **Not separately classified.** Allowed non-priority unsecured claims shall be paid pro rata from any distribution remaining after disbursement to allowed secured and priority claims. Estimated distribution is approximately 5.0%. The dividend percentage may vary depending on actual claims filed. If this case were liquated under Chapter 7 the debtor(s) estimate that unsecured creditors would receive a dividend of approximately 0.0%.

    B. **Separately classified unsecured claims**.

    | Creditor | Basis for Classification | Treatment |
    |---|---|---|
    | -NONE- | | |

5. **Mortgage Loans Secured by Real Property Constituting the Debtor(s)' Primary Residence; Other Long Term Payment Obligations, whether secured or unsecured, to be continued upon existing contract terms; Curing of any existing default under 11 U.S.C. § 1322(b)(5).**

    A. **Debtor(s) to make regular contract payments; arrears, if any, to be paid by the Trustee.** The creditors listed below will be paid by the debtor(s) pursuant to the contract without modification, except that arrearages, if any, will be paid by the Trustee either pro rata with other secured claims or on a fixed monthly basis as indicated below, without interest unless an interest rate is designated below for interest to be paid on the arrearage claim and such interest is provided for in the loan agreement.

    | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Arrearage Interest Rate | Estimated Cure Period | Monthly Arrearage Payment |
    |---|---|---|---|---|---|---|
    | Fast Auto Loans, Inc. | 1999 Chev. Tahoe | $268.00 | -NONE-* | | | |

    *Debt paid by Debtor's Father

    B. **Trustee to make contract payments and cure arrears, if any.** The Trustee shall pay the creditors listed below the regular contract monthly payments that come due during the period of this Plan, and pre-petition arrearages on such debts shall be cured by the Trustee either pro rata with other secured claims or with monthly payments as set forth below.

    | Creditor | Collateral | Regular Contract Payment | Estimated Arrearage | Interest Rate on Arrearage | Monthly Payment on Arrearage & Est. Term |
    |---|---|---|---|---|---|
    | -NONE- | | | | | |

    C. **Restructured Mortgage Loans to be paid fully during term of Plan.** Any mortgage loan against real estate constituting the debtor(s)' principal residence upon which the last scheduled contract payment is due before the final payment under the Plan is due shall be paid by the Trustee during the term of the Plan as permitted by 11 U.S.C. § 1322(c)(2) with interest at the rate specified below as follows:

    | Creditor | Collateral | Interest Rate | Estimated Claim | Monthly Payment & Term |
    |---|---|---|---|---|
    | -NONE- | | | | |

6. **Unexpired Leases and Executory Contracts.** The debtor(s) move for assumption or rejection of the executory contracts and leases listed below.

   A. **Executory contracts and unexpired leases to be rejected.** The debtor(s) reject the following executory contracts:

   | Creditor | Type of Contract |
   |---|---|
   | -NONE- | |

   B. **Executory contracts and unexpired leases to be assumed.** The debtor(s) assume the following executory contracts. The debtor(s) agree to abide by all terms of the agreement. The Trustee will pay the pre-petition arrearages, if any, through payments made pro rata with other priority claims or a fixed monthly basis as indicated below.

   | Creditor | Type of Contract | Arrearage | Monthly Payment for Arrears | Estimated Cure Period |
   |---|---|---|---|---|
   | -NONE- | | | | |

7. **Liens Which Debtor(s) Seek to Avoid.**

   A. **The debtor(s) move to avoid liens pursuant to 11 U.S.C. § 522(f).** The debtor(s) move to avoid the following judicial liens and non-possessory, non-purchase money liens that impair the debtor(s)' exemptions. **Unless a written objection is timely filed with the Court, the Court may grant the debtor(s)' motion and cancel the creditor's lien.** If an objection is filed, the Court will hear evidence and rule on the motion at the confirmation hearing.

   | Creditor | Collateral | Exemption Basis | Exemption Amount | Value of Collateral |
   |---|---|---|---|---|
   | -NONE- | | | | |

   B. **Avoidance of security interests or liens on grounds other than 11 U.S.C. § 522(f).** The debtor(s) have filed or will file and serve separate pleadings to avoid the following liens or security interests. The creditor should review the notice or summons accompanying such pleadings as to the requirements for opposing such relief. The listing here is for information purposes only.

   | Creditor | Type of Lien | Description of Collateral | Basis for Avoidance |
   |---|---|---|---|
   | -NONE- | | | |

8. **Treatment and Payment of Claims.**

   - All creditors must timely file a proof of claim to receive any payment from the Trustee.
   - If a claim is scheduled as unsecured and the creditor files a claim alleging the claim is secured but does not timely object to confirmation of the Plan, the creditor may be treated as unsecured for purposes of distribution under the Plan. This paragraph does not limit the right of the creditor to enforce its lien, to the extent not avoided or provided for in this case, after the debtor(s) receive a discharge.
   - If a claim is listed in the Plan as secured and the creditor files a proof of Claim alleging the claim is unsecured, the creditor will be treated as unsecured for purposes of distribution under the Plan.
   - The Trustee may adjust the monthly disbursement amount as needed to pay an allowed secured claim in full.

9. **Vesting of Property of the Estate.** Property of the estate shall revest in the debtor(s) upon confirmation of the Plan. Nothwithstanding such vesting, the debtor(s) may not sell, refinance, encumber real property or enter into a mortgage loan modification without approval of the Court after

notice to the Trustee, any creditor who has filed a request for notice and other creditors to the extent required by the Local Rules of this Court.

10. **Incurrence of indebtedness.** The debtor(s) shall not voluntarily incur additional indebtedness exceeding the cumulative total of $5,000 principal amount during the term of this Plan, either unsecured or secured against personal property, except upon approval of the Court after notice to the Trustee, any creditor who has filed a request for notice, and other creditors to the extent required by the Local Rules of this Court.

11. **Other provisions of this Plan:**
    -NONE-

**Signatures:**

**Dated:** September 10, 2014

/s/ Jeremiah S. Putnam  
**Debtor**

/s/ John P. Goetz  
**Debtor(s)' Attorney**

/s/ Ashley M. Putnam  
**Joint Debtor**

**Exhibits:** **Copy of Debtor(s)' Budget (Schedules I and J); Matrix of Parties Served with Plan**

Certificate of Service

I certify that on _____, I mailed a copy of the foregoing to the creditors and parties in interest on the attached Service List.

_____  
Signature

_____  
Address

_____  

_____  
Telephone No.

Ver. 09/17/09 [effective 12/01/09]

Fill in this information to identify your case:

Debtor 1    Jeremiah S. Putnam
          First Name       Middle Name       Last Name

Debtor 2    Ashley M. Putnam
(Spouse, if filing) First Name    Middle Name      Last Name

United States Bankruptcy Court for the: __Western__ District of __VA__

Case number
(if known) _____

Check if this is:

[X] An amended filing

[ ] A supplement showing post-petition chapter 13 income as of the following date:
_____
MM / DD / YYYY

## Official Form B 6I
# Schedule I: Your Income      12/13

Be as complete and accurate as possible. If two married people are filing together (Debtor 1 and Debtor 2), both are equally responsible for supplying correct information. If you are married and not filing jointly, and your spouse is living with you, include information about your spouse. If you are separated and your spouse is not filing with you, do not include information about your spouse. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Employment

**1. Fill in your employment information.**

If you have more than one job, attach a separate page with information about additional employers.

Include part-time, seasonal, or self-employed work.

Occupation may include student or homemaker, if it applies.

| | Debtor 1 | Debtor 2 or non-filing spouse |
|---|---|---|
| Employment status | [ ] Employed<br>[X] Not employed | [X] Employed<br>[ ] Not employed |
| Occupation | Unemployed | Care Giver |
| Employer's name | | PGC Public Partnerships |
| Employer's address | <br>Number Street | 40 Broad St.<br>Number Street |
| | <br>City State ZIP Code | Boston, MA 02109<br>City State ZIP Code |
| How long employed there? | | |

### Part 2: Give Details About Monthly Income

Estimate monthly income as of the date you file this form. If you have nothing to report for any line, write $0 in the space. Include your non-filing spouse unless you are separated.

If you or your non-filing spouse have more than one employer, combine the information for all employers for that person on the lines below. If you need more space, attach a separate sheet to this form.

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 2. | **List monthly gross wages, salary, and commissions** (before all payroll deductions). If not paid monthly, calculate what the monthly wage would be. | $ 0.00 | $ 2,879.50 |
| 3. | **Estimate and list monthly overtime pay.** | +$ 0.00 | +$ 0.00 |
| 4. | **Calculate gross income.** Add line 2 + line 3. | $ 0.00 | $ 2,879.50 |

Official Form B 6I         Schedule I: Your Income         page 1

Debtor 1  Jeremiah S. Putnam
         First Name   Middle Name   Last Name                                    Case number (if known)_____

|  |  | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| Copy line 4 here .................................................................................... → | 4. | $ 0.00 | $ 2,879.50 |

5. **List all payroll deductions:**

| | | For Debtor 1 | For Debtor 2 or non-filing spouse |
|---|---|---|---|
| 5a. Tax, Medicare, and Social Security deductions | 5a. | $ 0.00 | $ 456.63 |
| 5b. Mandatory contributions for retirement plans | 5b. | $ 0.00 | $ 0.00 |
| 5c. Voluntary contributions for retirement plans | 5c. | $ 0.00 | $ 0.00 |
| 5d. Required repayments of retirement fund loans | 5d. | $ 0.00 | $ 0.00 |
| 5e. Insurance | 5e. | $ 0.00 | $ 0.00 |
| 5f. Domestic support obligations | 5f. | $ 0.00 | $ 0.00 |
| 5g. Union dues | 5g. | $ 0.00 | $ 0.00 |
| 5h. Other deductions. Specify: ; _____ | 5h. | + $ 0.00 | + $ 0.00 |

6. **Add the payroll deductions.** Add lines 5a + 5b + 5c + 5d + 5e +5f + 5g +5h.   6.   $ 0.00    $ 456.63

7. **Calculate total monthly take-home pay.** Subtract line 6 from line 4.   7.   $ 0.00    $ 2,422.87

8. **List all other income regularly received:**

   8a. **Net income from rental property and from operating a business, profession, or farm**
       Attach a statement for each property and business showing gross receipts, ordinary and necessary business expenses, and the total monthly net income.   8a.   $ 0.00    $ 0.00

   8b. **Interest and dividends**   8b.   $ 0.00    $ 0.00

   8c. **Family support payments that you, a non-filing spouse, or a dependent regularly receive**
       Include alimony, spousal support, child support, maintenance, divorce settlement, and property settlement.   8c.   $ 0.00    $ 0.00

   8d. **Unemployment compensation**   8d.   $ 0.00    $ 0.00

   8e. **Social Security**   8e.   $ 0.00    $ 464.00

   8f. **Other government assistance that you regularly receive**
       Include cash assistance and the value (if known) of any non-cash assistance that you receive, such as food stamps (benefits under the Supplemental Nutrition Assistance Program) or housing subsidies.
       Specify: ; _____   8f.   $ 0.00    $ 0.00

   8g. **Pension or retirement income**   8g.   $ 0.00    $ 0.00

   8h. **Other monthly income.** Specify: Pro rated annual tax refunds;   8h.   + $ 267.00   + $ 0.00

9. **Add all other income.** Add lines 8a + 8b + 8c + 8d + 8e + 8f +8g + 8h.   9.   $ 267.00    $ 464.00

10. **Calculate monthly income.** Add line 7 + line 9.
    Add the entries in line 10 for Debtor 1 and Debtor 2 or non-filing spouse.   10.   $ 267.00   +   $ 2,886.87   =   $ 3,153.87

11. **State all other regular contributions to the expenses that you list in *Schedule J*.**
    Include contributions from an unmarried partner, members of your household, your dependents, your roommates, and other friends or relatives.
    Do not include any amounts already included in lines 2-10 or amounts that are not available to pay expenses listed in *Schedule J*.
    Specify: _____   11. + $ 0.00

12. **Add the amount in the last column of line 10 to the amount in line 11.** The result is the combined monthly income.
    Write that amount on the *Summary of Schedules and Statistical Summary of Certain Liabilities and Related Data*, if it applies   12.   $ 3,153.87
    
    Combined monthly income

13. **Do you expect an increase or decrease within the year after you file this form?**
    ☒ No.
    ☐ Yes. Explain: _____

Official Form B 6I                    Schedule I: Your Income                    page 2

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | Jeremiah S. Putnam | | |
| | First Name | Middle Name | Last Name |
| Debtor 2 | Ashley M. Putnam | | |
| (Spouse, if filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | Western | District of | VA |
| Case number (if known) | | | |

Check if this is:

[X] An amended filing

[ ] A supplement showing post-petition chapter 13 expenses as of the following date:

_____
MM / DD / YYYY

[ ] A separate filing for Debtor 2 because Debtor 2 maintains a separate household

Official Form B 6J

# Schedule J: Your Expenses

12/13

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach another sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

### Part 1: Describe Your Household

1. **Is this a joint case?**

   [ ] No. Go to line 2.
   [X] Yes. Does Debtor 2 live in a separate household?
   
       [X] No
       [ ] Yes. Debtor 2 must file a separate Schedule J.

2. **Do you have dependents?**
   Do not list Debtor 1 and Debtor 2.
   Do not state the dependents' names.

   [ ] No
   [X] Yes. Fill out this information for each dependent..........

   | Dependent's relationship to Debtor 1 or Debtor 2 | Dependent's age | Does dependent live with you? |
   |---|---|---|
   | Son | 7 | [ ] No [X] Yes |
   | Daughter | 4 | [ ] No [X] Yes |
   | Daughter | 3 | [ ] No [X] Yes |
   | Daughter | 1 | [ ] No [X] Yes |
   | | | [ ] No [ ] Yes |

3. **Do your expenses include expenses of people other than yourself and your dependents?**
   [X] No
   [ ] Yes

### Part 2: Estimate Your Ongoing Monthly Expenses

Estimate your expenses as of your bankruptcy filing date unless you are using this form as a supplement in a Chapter 13 case to report expenses as of a date after the bankruptcy is filed. If this is a supplemental Schedule J, check the box at the top of the form and fill in the applicable date.

Include expenses paid for with non-cash government assistance if you know the value of such assistance and have included it on Schedule I: Your Income (Official Form B 6I.)

**Your expenses**

4. The rental or home ownership expenses for your residence. Include first mortgage payments and any rent for the ground or lot.     4. $ 900.00

   If not included in line 4:

   4a. Real estate taxes     4a. $ 0.00
   4b. Property, homeowner's, or renter's insurance     4b. $ 0.00
   4c. Home maintenance, repair, and upkeep expenses     4c. $ 0.00
   4d. Homeowner's association or condominium dues     4d. $ 0.00

Official Form B 6J     Schedule J: Your Expenses     page 1

Debtor 1  Jeremiah S. Putnam    Case number (if known) _____
        First Name  Middle Name  Last Name

|  |  | Your expenses |
|---|---|---|
| 5. **Additional mortgage payments for your residence**, such as home equity loans | 5. | $ 0.00 |
| 6. **Utilities:** | | |
|   6a. Electricity, heat, natural gas | 6a. | $ 150.00 |
|   6b. Water, sewer, garbage collection | 6b. | $ 0.00 |
|   6c. Telephone, cell phone, Internet, satellite, and cable services | 6c. | $ 120.00 |
|   6d. Other. Specify: _____ | 6d. | $ 0.00 |
| 7. **Food and housekeeping supplies** | 7. | $ 800.00 |
| 8. **Childcare and children's education costs** | 8. | $ 0.00 |
| 9. **Clothing, laundry, and dry cleaning** | 9. | $ 80.00 |
| 10. **Personal care products and services** | 10. | $ 60.00 |
| 11. **Medical and dental expenses** | 11. | $ 40.00 |
| 12. **Transportation.** Include gas, maintenance, bus or train fare. Do not include car payments. | 12. | $ 200.00 |
| 13. **Entertainment, clubs, recreation, newspapers, magazines, and books** | 13. | $ 0.00 |
| 14. **Charitable contributions and religious donations** | 14. | $ 0.00 |
| 15. **Insurance.** Do not include insurance deducted from your pay or included in lines 4 or 20. | | |
|   15a. Life insurance | 15a. | $ 0.00 |
|   15b. Health insurance | 15b. | $ 0.00 |
|   15c. Vehicle insurance | 15c. | $ 210.00 |
|   15d. Other insurance. Specify:_____ | 15d. | $ 0.00 |
| 16. **Taxes.** Do not include taxes deducted from your pay or included in lines 4 or 20. Specify: Personal Property | 16. | $ 28.00 |
| 17. **Installment or lease payments:** | | |
|   17a. Car payments for Vehicle 1 | 17a. | $ 0.00 |
|   17b. Car payments for Vehicle 2 | 17b. | $ 0.00 |
|   17c. Other. Specify:_____ | 17c. | $ 0.00 |
|   17d. Other. Specify:_____ | 17d. | $ 0.00 |
| 18. **Your payments of alimony, maintenance, and support that you did not report as deducted from your pay on line 5, *Schedule I, Your Income* (Official Form B 6I).** | 18. | $ 0.00 |
| 19. **Other payments you make to support others who do not live with you.** Specify:_____ | 19. | $ 0.00 |
| 20. **Other real property expenses not included in lines 4 or 5 of this form or on *Schedule I: Your Income.*** | | |
|   20a. Mortgages on other property | 20a. | $ 0.00 |
|   20b. Real estate taxes | 20b. | $ 0.00 |
|   20c. Property, homeowner's, or renter's insurance | 20c. | $ 0.00 |
|   20d. Maintenance, repair, and upkeep expenses | 20d. | $ 0.00 |
|   20e. Homeowner's association or condominium dues | 20e. | $ 0.00 |

Debtor 1 __Jeremiah S. Putnam__   Case number (if known) _____
        First Name  Middle Name  Last Name

21. **Other.** Specify: _____   21. +$ _____0.00_____

22. **Your monthly expenses.** Add lines 4 through 21.
    The result is your monthly expenses.                    22. $ _____2,588.00_____

23. **Calculate your monthly net income.**

    23a. Copy line 12 (*your combined monthly income*) from *Schedule I*.   23a. $ _____3,153.87_____

    23b. Copy your monthly expenses from line 22 above.                      23b. –$ _____2,588.00_____

    23c. Subtract your monthly expenses from your monthly income.
         The result is your *monthly net income.*                            23c. $ _____565.87_____

24. **Do you expect an increase or decrease in your expenses within the year after you file this form?**

    For example, do you expect to finish paying for your car loan within the year or do you expect your
    mortgage payment to increase or decrease because of a modification to the terms of your mortgage?

    [X] No.
    [ ] Yes.  Explain here:

Label Matrix for local noticing
0423-6
Case 14-61363
Western District of Virginia
Lynchburg
Mon Jul 28 17:28:46 EDT 2014

American Collections Enterprise
205 S. Whiting St., Ste. 500
Alexandria, VA 22304-3632

Bank of America
14752 Lee Hwy.
Gainesville, VA 20155-1830

Berks Credit & Collections
900 Corporate Dr.
Reading, PA 19605-3340

Capital One, N.A.
Attn: Bankruptcy Dept.
P.O. Box 30285
Salt Lake City, UT 84130-0285

Comcast
740 Old Brandy Rd
Culpeper, VA 22701-2865

Credit Collections
P.O. Box 9136
Needham, MA 02494-9136

Credit Control Corp.
11821 Rock Landing Dr.
Newport News, VA 23606-4207

Credit Management Co.
2121 Noblestown Rd.
Pittsburgh, PA 15205-3956

Cybrcollect
P.O. Box 1145
La Crosse, WI 54602-1145

Dept. Of Veterans Affairs
P.O. Box 11930
St. Paul, MN 55111-0930

Emergicare
75 W Lee Hwy.
Warrenton, VA 20186-2149

Fast Auto Loans, Inc.
530 James Madison Hwy
Culpeper, VA 22701-2409

Fauquier Hospital
500 Hospital Drive
Warrenton, VA 20186-3099

First Premier Bank
601 S. Minnesota Ave.
Sioux Falls, SD 57104-4868

Fredericksburg Credit Bureau
10506 Wakeman Dr.
Fredericksburg, VA 22407-8040

Harris Teeter
530 Fletcher Dr.
Warrenton, VA 20186-2183

Hunter Warfield
Attention: Collections Dept.
4620 Woodland Corporate Blvd.
Tampa, FL 33614-2415

Interstate Credit Collections
Attn: Support Dept.
P.O. Box 3136
Winston-Salem, NC 27102-3136

Marion Davidson
9638 Green Rd.
Midland, VA 22728-1726

New City Funding Corp.
146 S. Liberty Dr., Ste. B3
Stony Point, NY 10980-2425

Pam Stringellow
8044 Leads Manor Rd.
Marshall, VA 20115-2655

Piedmont Family Practice
493 Blackwell Road
Warrenton, VA 20186-2689

Pinnacle Financial Group
8311 Wisconsin Ave., Ste C
Bethesda, MD 20814-3126

Rankins Furniture
251 W Lee Hwy,.
Warrenton, VA 20186-2093

Rose Marie Door
7366 Stuart Cir.
Warrenton, VA 20187-4548

Safeway, Inc.
P.O. Box 29093
Phoenix, AZ 85038-9093

Schewel Furniture
15291 Creativity Dr.
Culpeper, VA 22701-2504

Southwest Credit System
4120 International Parkway, Suite 1100
Carrollton, TX 75007-1958

Stay at Home Storage
23 Duffers Lane
Clarion, PA 16214-4139

| | | |
|---|---|---|
| The Fauquier Bank<br>10 Courthouse Square<br>Warrenton, VA 20186-2800 | U.S. Dept. Of Education/GLESI<br>P.O. Box 7860<br>Madison, WI 53707-7860 | USTrustee<br>Office of the United States Trustee<br>210 First Street, Suite 505<br>Roanoke, VA 24011-1620 |
| Valley Credit Service<br>934 N. Augusta St., Ste. A<br>Staunton, VA 24401-3282 | Verizon<br>500 Technology Dr., Ste. 30<br>Weldon Spring, MO 63304-2225 | Ashley M. Putnam<br>2362 Wolf Den Pl.<br>Amissville, VA 20106-1835 |
| Herbert L Beskin(82)<br>PO Box 2103<br>Charlottesville, VA 22902-2103 | Jeremiah S Putnam<br>2362 Wolf Den Pl<br>Amissville, VA 20106-1835 | John Paul Goetz<br>John Goetz Law, PLC<br>75 West Lee Street, Suite 104<br>Warrenton, VA 20186-3233 |

End of Label Matrix
Mailable recipients    38
Bypassed recipients     0
Total                  38