**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION**

**In Re:**

**CASE NO. 14-61363-RBC**

**JEREMIAH S. PUTNAM
ASHLEY M. PUTNAM,**

**CHAPTER 13**

**DEBTORS.**

**OBJECTION TO CONFIRMATION OF AMENDED CHAPTER 13 PLAN**

**NOTICE**

**YOUR RIGHTS MAY BE AFFECTED.  YOU SHOULD READ THESE PAPERS CAREFULLY AND DISCUSS THEM WITH YOUR ATTORNEY, IF YOU HAVE ONE IN THIS BANKRUPTCY CASE.  (IF YOU DO NOT HAVE AN ATTORNEY, YOU MAY WISH TO CONSULT ONE.)**

**IF YOU DO NOT WISH THE COURT TO SUSTAIN THE OBJECTION SOUGHT HEREIN, OR IF YOU WANT THE COURT TO CONSIDER YOUR VIEWS ON THE OBJECTION, THEN YOU MUST ATTEND THE HEARING ON THIS MATTER, OTHERWISE, THE COURT MAY DEEM OPPOSITION WAIVED, TREAT THE OBJECTION AS CONCEDED, AND ISSUE AN ORDER SUSTAINING THE OBJECTION WITHOUT FURTHER NOTICE OR HEARING.**

**THE HEARING IS SCHEDULED TO BE HELD ON OCTOBER 20, 2014 AT 9:30 AM AT THE UNITED STATES COURTHOUSE, 255 WEST MAIN STREET, CHARLOTTESVILLE, VA 22902, IN COURTROOM NUMBER 200.**

**COMES NOW**, Pinnacle Financial Group, by Counsel, and objects to the Confirmation of the Amended Chapter 13 Plan and Objects to the Motion to Value Collateral and in support thereof, represents unto the Court:

1. Pinnacle Financial Group ("Secured Creditor") has a validly perfected security interest in a 2012 Mitsubishi Lancer ES, pursuant to a valid Retail Installment Sale Contract dated June 25, 2014.

2. That the principal balance and accrued interest is $13,940.50 as of July 18, 2014 with interest accruing at 21.90%.

Michael T. Freeman, Esquire
Counsel for Plaintiff
Samuel I White, P.C.
Bar No. 65460
1804 Staples Mill Road,
Suite 200
Richmond, VA 23230
(804) 290-4290
File No. 24251

3.      The Amended Plan impermissibly attempts to modify this Secured Creditor's Claim.  Pursuant to 11 U.S.C. §1325 (a)(5), the Secured Creditor's debt must be paid in full. 11 U.S.C. §1325 (a)(5) mandates that section 506 shall not apply to a claim if the creditor has a purchase money security interest securing the debt that is the subject of the claim, if the debt was incurred within 910 days preceding the date of the Bankruptcy filing.  The debt was incurred 23 days prior to the Bankruptcy filing and no payments have been made.

4.      11 U.S.C. §1325 (a)(5)(B)(ii) requires full payment of the allowed claim of this Secured Creditor.  The Proof of Claim filed by this Secured Creditor establishes a total debt in the amount of $13,940.50 upon which interest accrues at the rate of 21.90%.  Accordingly, even if all payments are tendered pursuant to the Amended Plan, they will not be sufficient to satisfy this Secured Creditor's claim in full.  Thus, the Amended Plan does not provide adequate protection of this Secured Creditor's interests as required by 11 U.S.C. §361, and does not meet the "feasibility" requirement of 11 U.S.C. §1325 (a)(6).

5.      The Amended Plan proposes to cram down this debt, with debtor asserting $12,285.57 to be the replacement value and provides for interest to be paid at the rate of only 4.25%.  The interest rate as proposed is far less than the contract amount.  Further, the borrower has failed to make a single payment on the vehicle and filed Bankruptcy just 23 days after entering into the contract.

6.      Pinnacle has not received any of the proposed adequate protection payments under the initial proposed plan, nor under the Amended Plan currently pending.

7.      The borrower has already missed one full payment and one partial payment in the currently pending case, having failed to make the August payment and only partially paying the September installment, for a total in plan payments of $203.00.  October's payment has not yet come due.

8.      Any Chapter 13 Plan proposed by Debtor must provide for and eliminate the objections specified above in order to be feasible and to provide adequate protection to this objecting secured Creditor.  It is respectfully requested that this Court deny confirmation of the Amended Chapter 13 Plan as proposed by Debtor.

**WHEREFORE**, the undersigned requests as follows:

(1) That confirmation of the proposed Amended Chapter 13 Plan be denied;

(2) Debtor be required to modify the Amended Plan to honor the terms and conditions of the Retail Installment Sales Contract, and;

(3) For such other relief as this Court deems proper.

Pinnacle Financial Group

By: **/s/ MICHAEL T. FREEMAN**
Eric D. White, Esquire, Bar No. 21346
D. Carol Sasser, Esquire, Bar No. 28422
David W. Carter, Esquire, Bar No. 70875
Michael T. Freeman, Esquire, Bar No. 65460
Robert A. Jones, Esquire, Bar No. 71123
Brandon R. Jordan, Esquire, Bar No. 72170
Kimberly B. Lane, Esquire, Bar No. 78720
Johnie R. Muncy, Esquire, Bar No. 73248
Douglas S. Rubin, Esquire, Bar No. 84393
Samuel I. White, P. C.
1804 Staples Mill Road,
Suite 200
Richmond, VA 23230
Tel.: (804) 290-4290
Fax: (804) 290-4298
mfreeman@siwpc.com

CERTIFICATE OF SERVICE

I hereby certify that a true copy of the foregoing Objection was served by first class mail postage prepaid or email this 6th day of October, 2014 on all necessary parties including Herbert L. Beskin, Trustee, PO Box 2103, Charlottesville, VA 22902; John Paul Goetz, Counsel for Debtors, 75 West Lee Street, Suite 104, Warrenton, VA 20186; and Jeremiah S. Putnam, and Ashley M. Putnam, Debtors, 2362 Wolf Den Pl., Amissville, VA 20106.

**/s/ MICHAEL T. FREEMAN**
Michael T. Freeman, Esquire
Samuel I. White, P. C.